IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA B. STALZER *Trustee for the Bankruptcy Estate of Samuel D. Bryant*,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. *formerly known as* Wachovia Bank, WACHOVIA BANK OF DELAWARE, and EARLY WARNING SERVICES, LLC,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:13-CV-02210-CC-RGV |

## **ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Non-Final Report and Recommendation ("R&R") [Doc. No. 29]. In the R&R, the Magistrate recommends that Early Warning Services, LLC's ("EWS") motion to dismiss be denied, and that Well Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss be granted in its entirety and that Wells Fargo be dismissed as a party in this case. The Magistrate also recommends that Plaintiff's motion for leave to file a second amended complaint be granted in part and denied in part. EWS has filed objections to the R&R.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court conducts a de novo "determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (2012). When filing objections, a party must specifically identify the findings objected to and the specific basis for the objection. Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). In fact, district courts need not consider "[f]rivolous, conclusive, or general objections."

Id. If no specific objection is raised, the Court reviews the report for plain error. See Fed. R. Civ. P. 72(b); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636.

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

Within most of the pages of its Objections [Doc. No. 31], EWS restates arguments, legal principles, and statements of fact, which are articulated in its brief. (See Doc. No. 5-1 at 9-11.) Because these objections are frivolous, general, and conclusive, the Court will not consider them. See Macort v. Prem, Inc., 208 F. App'x 781, 785 (11th Cir. 2006) (objections that merely set out the applicable law are insufficient for the specific objection requirement); see also Thomas v. Astrue, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009) (a party who "simply reiterates his original arguments" has not met the specificity requirement); Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1349 (N.D. Ga. 2008) (reciting facts that are stated in the party's papers supporting its motion does not constitute a specific written objection).

EWS also objects to the Magistrate's decision to not address its contention that Plaintiff's claims are barred by the FCRA's statute of repose. Because the Magistrate has issued a non-final R&R and Plaintiff has again moved to amend his complaint, the Court will instruct the Magistrate to address EWS's statute of repose argument if EWS moves to dismiss Plaintiff's second amended complaint.

In sum, after reviewing the R&R according to Slay, 714 F.2d at 1095, the Court rejects the Magistrate's decision regarding EWS's statute of repose argument. The Court finds that remaining portions of the R&R are correct both in fact and in law.

## III. CONCLUSION

Except as modified herein, the Court **ADOPTS** the Non-Final Report and

Recommendation [Doc. No. 29].

        SO ORDERED this 27th day of January, 2014.

        *s/  CLARENCE COOPER*

        CLARENCE COOPER
        SENIOR UNITED STATES DISTRICT JUDGE